# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2586 | **DATE** | 2/15/2012 |
| **CASE TITLE** | RBS Citizens, N.A. vs. Compuray Staffing, Inc., et al | | |

**DOCKET ENTRY TEXT**

Charter One's motion for summary judgment [#23] against defendant Curt Spallone is granted. Judgment is entered in favor of Charter One against Curt Spallone. Charter One should submit materials for a prove-up on the amount of liability by 2/29/2012. This case is set for a status hearing on 3/13/2012 at 8:30 a.m. See statement below.

■[ For further details see text below.]    Docketing to mail notices.

# STATEMENT

Plaintiff RBS Citizens, N.A. d/b/a Charter One ("Charter One") filed suit against defendants Compuray Staffing, Inc., Curt E. Spallone, and Kathy M. Spallone, alleging a claim for breach of contract. On July 14, 2011, this court entered a default judgment against Compuray and Kathy Spallone. *See* Dkt. # 16. Before the court is Charter One's motion for summary judgment on the issue of liability as to Curt Spallone. For the reasons stated below, the motion [#23] is granted.[1]

**Relevant Facts**

Charter One is a national banking company with its chartered office located in Cleveland, Ohio. Pl.'s L.R. 56.1 Stmt. ¶ 1. Compuray is an Illinois corporation with its principal place of business in Bloomingdale, Illinois. *Id.* ¶ 2. Curt and Kathy Spallone are citizens of Illinois who reside in Elgin, Illinois. *Id.* ¶ 3.

On or about December 27, 2005, Compuray applied for a business line of credit from Charter One in the amount of $100,000. Wagner Decl. Ex. 1. As part of the application, Spallone, as Compuray's president, signed a "Personal Guaranty to Lender" that states that Spallone "unconditionally guarantees and promises to pay all present and future obligations of [Compuray] to [Charter One]." Wagner Decl. Ex. 1. The Personal Guaranty to Lender provides that Spallone's obligations shall include any obligations arising under Charter One's Business Credit Line Agreement and that Spallone accepts and agrees to be bound by the Business Credit Line Agreement. *Id.*

On or about December 29, 2005, Charter One established a $100,000 line of credit for Compuray. The credit line approval letter enclosed the Business Credit Line Agreement and incorporates the Business Credit Line Agreement by reference. Wagner Decl. Ex. 2. The Business Credit Line Agreement provides that the "Borrower and any Guarantor irrevocably accept the terms of the Approval Letter and this Agreement by the Borrower taking an advance . . . under the Credit Line." *Id.* at 2. Pursuant to the Business

**STATEMENT**

Credit Line Agreement, the principal and interest owned by Compuray are "payable on demand." *Id.* at 3 ¶ 6.

On or about October 4, 2010, Charter One sent a notice of default to Compuray and Spallone, demanding payment of all amounts due. Wagner Decl. Ex. 3. Compuray and Spallone have not paid Charter One. Pl.'s L.R. 56.1 Stmt. ¶ 12.

The Business Credit Line Agreement provides that Compuray is in default if it fails to pay amounts due to Charter One. Wagner Decl. Ex. 2 at 3 ¶ 17. Upon Compuray's default, Charter One may bring suit to collect all amounts owed by Compuray. *Id.* at 4 ¶ 18. Compuray is required to pay Charter One's collection costs, including attorney's fees. *Id.* at 4 ¶ 19.

As of August 10, 2011, the total amount due was $100,089.41. *Id.* ¶ 19. This includes unpaid principal in the amount of $98,768.35, accrued but unpaid interest amounting to $1,216.06, and late fees equal to $105.00. *Id.* The interest per diem is $11.50. *Id.*

**Legal Standard**

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). To determine whether any genuine issue of fact exists, the court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the record. Fed. R. Civ. P. 56(c) & advisory committee's notes. The party seeking summary judgment bears the initial burden of proving that there is no genuine issue of material fact. *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In response, the nonmoving party cannot rest on mere pleadings alone but must use the evidentiary tools listed above to designate specific material facts showing that there is a genuine issue at trial. *Id.* at 324; *Insolia* v. *Phillip Morris Inc.*, 216 F.3d 596, 598–99 (7th Cir. 2000). Although a bare contention that an issue of fact exists is insufficient to create a factual dispute, *Bellaver* v. *Quanex Corp.*, 200 F.3d 485, 492 (7th Cir. 2000), the court must construe all facts in a light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

**Analysis**

 A. **Compliance with Local Rule 56.1**

Before discussing the merits of Charter One's motion for summary judgment, the court must address the adequacy of Spallone's response. Local Rule 56.1(a) requires the party seeking summary judgment to submit, among other things, a statement of material facts. This statement should include short, numbered paragraphs in addition to specific references within each paragraph to the affidavits, parts of the record, and other admissible evidence relied on to support the facts in each paragraph. L.R. 56.1(a)(3). The non-moving party must submit a concise response to the movant's statement of facts. L.R. 56.1(b)(3)(B). "Local Rule 56.1's enforcement provision provides that when a responding party's statement fails to controvert the facts as set forth in the moving party's statement in a manner dictated by the rule, those facts shall be deemed admitted for purposes of the motion." *Smith* v. *Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). Local Rule 56.1's requirements apply even when the non-moving party is representing himself *pro se*. *Id.*

Although Spallone was served with notice of these requirements in accordance with Local Rule 56.2, he has not submitted any response to Charter One's motion for summary judgment. Thus, Charter One's statement of material facts is deemed admitted under Local Rule 56.1(b)(3)(C). *See Smith,* 321 F.3d at 682–83; *Wilson* v. *Kautex, Inc.*, 371 F. App'x 663, 664 (7th Cir. 2010). Spallone's failure to respond does not automatically result in judgment for Charter One, however; the court must still determine whether

**STATEMENT**

Charter One is entitled to summary judgment by evaluating its breach of contract claim. *See Raymond* v. *Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006).

**B.    Breach of Contract Claim**

In order to prevail on a claim for breach of contract, a plaintiff must prove (i) the existence of a contract; (ii) substantial performance of the contract; (iii) breach of the contract; and (iv) damages as a result of the breach. *Nexus Commc'ns, Inc.* v. *Qwest Commc'ns Corp.*, 953 N.E.2d 340, 348 (Ohio Ct. App. 2011); *Pavlovich* v. *Nat'l City Bank*, 435 F.3d 560, 565 (6th Cir. 2006).[2] Contractual interpretation is a question of law, and courts begin by looking to the plain language of the contract. *Shifrin* v. *Forest City Enterprises, Inc.*, 597 N.E.2d 499, 501 (Ohio 1992).

All of the elements for a breach of contract claim have been met here. First, the Business Credit Application and Personal Guaranty to Lender created a valid contract between Spallone and Charter One. The Personal Guaranty to Lender clearly states that Spallone, as Compuray's guarantor, will be bound by the terms of the Business Credit Line Agreement if Charter One approves Compuray's application for a commercial line of credit. Second, Charter One performed its obligations under the contract by establishing and funding a commercial line of credit for Compuray. Third, Spallone breached the contract by failing to pay amounts due under the Business Credit Line Agreement. Fourth, Charter One has sustained damages. As of August 10, 2011, Compuray and the Spallones owe $100,089.41 to Charter One, excluding collection costs.

In his answer to Charter One's complaint, Spallone asserts several affirmative defenses. Spallone's answer is difficult to understand, and he has not filed a response memorandum in opposition to Charter One's motion for summary judgment. The court will address Spallone's defenses to the best of its ability.

Spallone's first affirmative defense appears to be that Charter One is not a collection agency that is licensed or authorized to collect claims in Illinois. Charter One is a bank, not a collection agency. Therefore Spallone's first defense is without merit. *See* 225 Ill. Comp. Stat. 425/2.03 (Banks are exempt from the requirements of the Illinois Collection Agency Act.).

Spallone's second affirmative defense is that there is no valid contract because his personal guaranty is not supported by consideration. In exchange for Spallone's personal guaranty, however, Charter One promised to establish a business credit line for Compuray. This is sufficient consideration to support the contract. *See Zuckerman* v. *Gray*, No. 2008-T-0022, 2009 WL 738027, at *3 (Ohio Ct. App. Mar. 20, 2009) ("[I]n the case of a guaranty, the benefit of consideration need not accrue to the promisor." (citing *Restatement (Second) of Contracts* § 71(4) (1981)); *Gen. Elec. Capital Corp.* v. *Steve Mox Trucking, Inc.*, No. 3:04CV7574, at *3 (N.D. Ohio Jul. 24, 2006).

Spallone's third defense is that the assignment is invalid. This case does not involve an assignment of debt. The evidence of record demonstrates that the contract between Spallone and Charter One was never assigned to another party.

Spallone's fourth defense is that the complaint fails to state a claim because the allegations are vague and unsupported by any evidence. This argument is also without merit. The complaint clearly satisfies the notice pleading requirements of Federal Rule of Civil Procedure 8(a). In any event, as set out above, Charter One has supported each essential element of its claim with evidence as required by Rule 56 of the Federal Rules of Civil Procedure.

For the foregoing reasons, Charter One's motion for summary judgment [#23] is granted.

1. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and the parties are completely diverse. Venue is proper under 28 U.S.C. § 1391 because the defendants reside in this district and a substantial part of the events giving rise to this action took place in this district.

2. The court applies Ohio law pursuant to the choice of law provision in the Business Credit Line Agreement. *See* Wagner Decl. Ex. 2 ¶ 33; *Hengel, Inc.* v. *Hot N'Now, Inc.*, 825 F. Supp. 1311, 1315 (1993).